## Conerty et al. *v.* Butler County Oil Refining Co., Appellant.

PER CURIAM, September 25, 1930:

On January 28, 1929, an alternative writ of mandamus was awarded in this case. Defendants answered, alleging, inter alia, that the principal defendant, the Butler County Oil Refining Company, was a corporation of Arizona, and hence the court below had no jurisdiction over it. Plaintiffs demurred, and, on August 1, 1930, the court below sustained the demurrer, and entered a final decree directing that a peremptory writ of mandamus be issued "at the expiration of twenty days from this date." Within the twenty days, but more than fifteen days after the entry of the decree, defendants took the present appeal, which plaintiffs now move to quash, because it was not taken within the time prescribed by the Act of March 5, 1925, P. L. 23; and because, also, appellants' brief, in two respects, violates the rules of this court.

As to the first question, the answer is that the Act of 1925 has no application. It relates only to interlocutory orders, whereas the decree now appealed from is a final one. The statute is an enabling and not a disabling one, and takes away no rights which existed before its passage. Even if proceedings had been taken under it, and a decision on the question of jurisdiction rendered against appellants, it would not have debarred them,— since it related to jurisdiction over the subject-matter only,— from having that question considered and determined by us on an appeal from this final decree: Wettengel v. Robinson, 288 Pa. 362. Section 29 of the Mandamus Act of June 8, 1893, P. L. 345, 349, specifically

allows appeals "within twenty days after final judgment," and within that time the present appeal was taken. This was in time whether the limitation of twenty days specified in the foregoing section of the Mandamus Act, or the three months allowed by the General Act of May 11, 1927, P. L. 972, is applicable.

So far as concerns the objections made to the form of appellants' brief, we will reserve consideration of them until the hearing of the appeal; by that time, perchance, those that are substantial may be corrected.