Zakian *v.* Liljestrand et al., Appellants.

Argued January 20, 1970. Before Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Robert B. Surrick,* with him *Cramp & D'Iorio,* for appellants.

*Joel Friedman,* with him *Paul N. Minkoff,* and *Klovsky, Kuby and Harris,* for appellees.

Opinion by Mr. Justice Eagen, April 22, 1970:

This is an appeal by defendant Alan Liljestrand from an order of the Court of Common Pleas of Dela-

ware County, refusing to permit the joinder of Ralph Spieglemann as an additional defendant pursuant to Rule 2253 of the Pennsylvania Rules of Civil Procedure.

The suit arose as a result of an automobile accident which occurred on October 23, 1965, in which the minor plaintiff, Virginia Zakian, sustained personal injuries. She had been a passenger in an automobile operated by defendant Robert Sandberg at the time of a head-on collision with a vehicle owned by Theodore Liljestrand and operated by Alan Liljestrand. Ralph Spieglemann, the proposed additional defendant, has been identified as the operator of a third vehicle near the scene of the accident, and is alleged to have contributed to or been the sole cause thereof.

Rule 2253 provides: "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In this case the plaintiffs' complaint was served on defendants Alan and Theodore Liljestrand[1] on June 24, 1967. No attempt was made by Alan Liljestrand to join any additional defendant within the sixty days specified in the Rule. However, on June 9, 1969, almost two years after plaintiffs' complaint had been served upon him, he petitioned the court for leave to join Ralph Spieglemann nunc pro tunc as an additional defendant. The court denied the petition in an order dated July 28, 1969. Alan Liljestrand appealed to this Court on September 8, 1969, 42 days later.

---

[1] Service had been accepted by Rose Liljestrand. In fact, Theodore Liljestrand had died April 30, 1967.

Initially appellees claim that this appeal should be quashed on two alternative grounds: (1) The issue resolved by the lower court concerned the jurisdiction of that court over the person of the proposed additional defendant, and, therefore, any appeal from the decision thereon must be pursued in accordance with the terms of the Act of March 5, 1925, P. L. 23, 12 P.S. §§672-675, which require that an appeal "be taken and perfected within fifteen days from the date when the decision is rendered; . . . ."; or (2) Under the Act of December 2, 1968, P. L.    , 12 P.S. §§1111.1, 1111.2 (Supp. 1970), "appeals . . . shall be taken within thirty days of the order, decision or other action of the court of record. . . ."  We disagree.

The Act of March 5, 1925, supra, was designed for a very specific purpose.  Interlocutory orders are appealable only if made so by statute:  E.g., *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 246 A. 2d 384 (1968); *Reynolds Metals Co. v. Berger,* 423 Pa. 360, 223 A. 2d 855 (1966).  The objective of this statute is to afford a speedy means for securing a final determination of jurisdictional matters *in limine* before inquiry into the merits of the case:  *Wilson v. Garland,* 287 Pa. 291, 135 A. 131 (1926).  Therefore, it provides the statutory basis for an immediate appeal from an otherwise unappealable interlocutory order for the review of the questioned jurisdiction of the lower court over the defendanat, over the subject matter or both:  *Adler v. Philadelphia,* 397 Pa. 660, 156 A. 2d 852 (1959).  The act was not designed to cover all decisions on questions of jurisdiction, but only those which are interlocutory:  *Conerty v. Butler County Oil Refining Co.,* 301 Pa. 201, 151 A. 816 (1930); *Wilson v. Garland,* supra.  It should be viewed as an enabling statute and not a disabling one, taking away no rights which existed before its passage:  *Conerty v. Butler County Oil Refining Co.,* supra.  Therefore, in no way does it af-

fect the right of an aggrieved party to appeal from a final order, judgment or decree within the time limitations specified in the Act of May 19, 1897, P. L. 67, as amended, 12 P.S. §1136: *Home Life Ins. Co. of America v. Board of Adjustment*, 393 Pa. 447, 143 A. 2d 21 (1958). See also *Messick v. Gordon*, 434 Pa. 30, 252 A. 2d 627 (1969) and *Commonwealth v. Shaffer*, 175 Pa. Superior Ct. 100, 103 A. 2d 430 (1954).

While an order permitting a defendant in an action to join an additional defendant is interlocutory,[2] an order sustaining preliminary objections to the joinder of an additional defendant, dismissing defendant's complaint as to the additional defendant, and dropping the additional defendant from the suit is a "final order": *Brandywine Area Joint School Authority v. Van Cor, Inc.*, 426 Pa. 448, 233 A. 2d 240 (1967). Cf. *Rau v. Manko*, 341 Pa. 17, 17 A. 2d 422 (1941); *Cummings v. A. F. Rees, Inc.*, 126 Pa. Superior Ct. 117, 190 A. 416 (1937). Defendant has thereby been effectively precluded from determining his rights vis-a-vis the additional defendant in this suit. Similarly, since the result is the same, a denial of a defendant's petition to join an additional defendant nunc pro tunc under Rule 2253 after the expiration of the specified 60 days from service of plaintiffs' complaint on the original defendant is final. Therefore, the Act of 1925, supra, is inapplicable. The Act of June 16, 1836, P. L. 784, §1, 17 P.S. §41, provides a right of appeal, and such an appeal may be prosecuted in accordance with the Act of May 19, 1897, supra, which permits an appeal to be taken "from an order, judgment, or decree of any court of common pleas . . . within three calendar months from

---

[2] We have held that such an order does not raise a jurisdictional question, so it is not immediately appealable: *Morgan v. Dean Phipps Stores*, 429 Pa. 52, 239 A. 2d 312 (1968); *University Sq. No. 1, Inc. v. Marhoefer*, 407 Pa. 257, 180 A. 2d 427 (1962).

the entry of the order, judgment, or decree appealed from, . . . ." The appeal in this case having been filed 42 days after entry of the order of the lower court, it was clearly timely filed.

The Act of December 2, 1968, supra, does not change this result. This act, implementing Article V, section 9, of the Pennsylvania Constitution, provides for "a right of appeal in all cases from courts of record *not otherwise provided for.*" (Emphasis added.) It was *not* intended by this act to impose a uniform appeal period and procedure for all matters which are appealable. Section 2 thereof specifically states: "The provisions of this act shall not apply to any order, decision, judgment or sentence of a court of record which under any act of assembly heretofore enacted may be appealed to an appellate court." We have already determined that the order here appealed from was appealable under the Act of June 16, 1836, supra, in accordance with the time limitations specified in the Act of May 19, 1897, supra. The 30-day period within which an appeal must be taken under the Act of December 2, 1968, supra, is, therefore, inapposite to the instant case.

Having determined that this case is properly here on appeal, we shall now turn to the merits. In this case, the joinder of Ralph Spieglemann as an additional defendant was sought more than 60 days after service of plaintiffs' complaint on original defendant Alan Liljestrand. Under Rule 2253, therefore, leave of court had to be sought, upon cause shown, to secure joinder.

Whether there is "cause shown" for the allowance of an extension of time for the defendant to file a praecipe joining an additional defendant is a matter within the discretion of the lower court: *Marnell v. Cross,* 372 Pa. 82, 92 A. 2d 688 (1952). It decision will not be reversed unless an abuse of its discretion is shown: *Marnell v. Cross,* supra.

The rule does not specify what is sufficient cause for an extension nor does it delineate the factors that

the court should take into consideration when deliberating upon such a petition for extension. The court, therefore, should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties (*Coppage v. Smith,* 381 Pa. 400, 113 A. 2d 247 (1955)) without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation.

With these principles in mind, did the lower court in this case abuse its discretion by denying defendant Alan Liljestrand's petition for an extension of time within which he could join Ralph Spieglemann as an additional defendant? We conclude not.

First, we note that a delay of approximately 13½ months [3] after the expiration of the 60-day period specified in Rule 2253 for joinder of additional defendants is a long time, but this, in and of itself, is not determinative. The length of the delay must be viewed in the context of the particular case.

The primary "cause" relied upon by counsel for this delay was that he had no opportunity to confer with either Alan or Theodore Liljestrand within the 60-day

---

[3] The petition was actually submitted to the court on June 9, 1969. However, on October 10, 1968, defendant had obtained a writ to join Ralph Spieglemann, after which a complaint was duly served. Such late joinder without permission of the court is improper. After preliminary objections were made thereto but prior to argument in the lower court thereon, it was agreed by counsel for both sides that defendant would file a petition to join the additional defendant nunc pro tunc at the time of argument, as a corrective measure, so that it could be determined on the merits whether there was cause for a late joinder. As a result, the lower court considered the petition for joinder as relating back to the October 10, 1968 date, and we shall do likewise.

period, since Alan Liljestrand had been sent to Korea by the United States Army before this suit was instituted and Theodore Liljestrand had died before counsel was engaged. Accordingly he claims he did not have an opportunity to learn of the basis for considering the joinder until some time after June of 1968, when Alan Liljestrand was discharged from the service. The critical information was allegedly obtained from the testimony elicited during the deposition of one Charles Duncan on August 22, 1968. This testimony was subsequently corroborated by Alan Liljestrand on October 8, 1968. Promptly thereafter, on October 10, 1968, a writ was obtained to join Ralph Spieglemann as an additional defendant.

The lower court decided that this did not constitute sufficient "cause" for late joinder primarily because it did not believe defendant's counsel exercised due diligence in investigating the case due to his tardiness in questioning witnesses known to him. The court found, and defendant's counsel admitted, that the presence of Ralph Spieglemann near the accident scene had been long known, because his name appeared on the police report. In addition, no deposition had been taken of Charles Duncan, who ultimately revealed the allegedly critical information, until almost three years after the accident and more than one year after counsel had entered his appearance for Alan Liljestrand. Duncan had been a passenger in the Liljestrand car, and, therefore, would have presumably been a readily accessible source of information. No consultation occurred with Alan Liljestrand himself until some four months after his discharge from the service.[4] These circumstances do indicate that counsel for Liljestrand was not diligent in his preparation of this case.[5]

---

[4] Some justification for this particular delay was averred, citing Alan Liljestrand's impending marriage as the reason therefor.

[5] This Court is aware of the unavoidable difficulties the induc-

Of course, if joinder were permitted, a separate trial may be prevented with consequent saving of time and expense, avoidance of multiplicity of suits and prevention of inconsistent verdicts by different juries: *Swabb Equipment Co. v. Westchester Fire Ins. Co.*, 51 Luzerne L.R. 39 (1960). Yet, such joinder may also result in a delay in the trial, because the proposed additional defendant has not participated in discovery proceedings. The plaintiffs' litigation against original defendants has already been substantially delayed by Alan Liljestrand's induction into the armed services, and at least one pre-trial conference has already been postponed. We therefore hold that it was not an abuse of discretion for the court to have concluded that the trial of plaintiffs' cause may be delayed by permission of late joinder and such a delay was not justified on the basis of the "cause" alleged by defendant Alan Liljestrand. Before the defendant can ask the court to help *him* secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself: *Swabb Equipment Co. v. Westchester Fire Ins. Co.*, supra. The order denying defendant Alan Liljestrand's petition for an extension of time within which he could join Ralph Spieglemann as an additional defendant will therefore be affirmed.

It is so ordered.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

tion into the military service of a party to a suit may cause in the prosecution of the litigation. However, even if application had been made to the court for a stay of the proceedings (which was not done here) pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, 50 U.S.C. §§501-590, the duration of such stay could only have been "for the period of military service and *three months* thereafter. . . .": 54 Stat. 1181, 50 U.S.C. §524. (Emphasis added.)