## DelGuercio v. DiFalco

*William A. Goichman,* for plaintiff.

*Joseph La Brum,* for defendants.

*John T. Mulligan* and *Joseph F. Ricchuiti,* for additional defendants.

DE FURIA, J., March 9, 1971.—Gardner Buick, an additional defendant, petitions for an extension of time to join General Motors (GM) as an additional defendant.

Defendants on September 14, 1967, joined both Gardner and GM as additional defendants. GM was subsequently dismissed on May 22, 1969, as a party on defendants' failure to file a complaint. Gardner was unaware of GM's dismissal, since no notice to Gardner appears of record.

Gardner first became aware of defendants' theory of liability against it when defendants filed their complaint on May 30, 1970.

On June 16, 1970, within 60 days, Gardner filed a complaint and a praecipe to join GM as an additional defendant. On January 13, 1971, by stipulation and

order, the joinder Complaint was stricken of record. Thereafter, on January 29, 1971, Gardner filed its present petition.

Pennsylvania Rule of Civil Procedure 2253 provides:

"Neither Praecipe for a Writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In Zakian v. Liljestrand, 438 Pa. 249 (1970), the Supreme Court held that "cause shown" for an extension under Pa. R. C. P. 2253 is a matter of discretion for the court, and that the length of delay must be viewed in the context of the particular case. The court should consider the basic purpose of the rules, which is to simplify and expedite the disposition of matters involving numerous parties.

Here, the action or nonaction of defendants permitted the dismissal of GM as an additional defendant. Gardner was unaware of this release. Additionally, defendants did not reveal their theory of liability to Gardner until they filed a complaint on May 30, 1970.* Within 60 days, Gardner did attempt to bring GM in as an additional defendant. Thus, Gardner cannot be charged with dilatoriness.

Equity and the avoidance of a multiplicity of suits indicate that the petition should be granted.

---

* Pa. R.C.P. 2252(b) requires the joining party's complaint to set forth the facts relied upon to establish the liability of the joined party and the relief demanded.

## ORDER

And now, this March 9, 1971, the petition of Gardner Buick, Inc., additional defendant, is granted and Gardner is given leave to join General Motors Corporation, Buick Motor Division, as an additional defendant by the filing of a complaint and proceeding sec. leg. et sec. reg.