**Dilbeck v. Bar-Van Enterprises, Inc.**

*Louis C. Bechtle*, for plaintiff.

*J. Brooke Aker*, for defendants.

*Bette J. Walters*, for additional defendant.

TREDINNICK, J., July 8, 1971.—Additional defendants, Service Electric Cable T. V. Inc. and John Walson, have filed preliminary objections to original defendants', Bar-Van Enterprises, Inc. and Pip-Kar Enterprises, Inc., complaint against additional defendants. The objections assert: (1) that the joinder should be stricken, since it was filed more than 60 days after service of plaintiff's complaint, and (2) that the original defendants' complaint fails to state a cause of action.

Plaintiff's complaint was filed on August 29, 1968. An amended complaint was filed on September 18, 1968, and served on September 20, 1968. On October 14, 1968, defendants filed an answer and new matter. Plaintiff filed a reply on August 31, 1970.

On November 13, 1970, original defendants petitioned for leave to join additional defendants. The rule issued thereon was made absolute by order dated November 27, 1970, upon agreement of counsel for plaintiff.

Rule 2253 of the Pennsylvania Rules of Civil Procedure provides that an additional defendant may not

be joined more than 60 days after service upon the original defendant of the initial pleading of plaintiff unless such filing is allowed by the court upon cause shown. The objectives sought to be achieved by said rule were to simplify and expedite the disposition of matters involving numerous parties without subjecting the *original plaintiff* to unreasonable delay in prosecuting his cause of action: Zakian v. Liljestrand, 438 Pa. 249 (1970). The necessity of showing cause before late joinder is allowed is solely for the benefit of plaintiff, since the rule was designed to protect his cause of action. Therefore, where the original plaintiff joins in the original defendants' request for late joinder of an additional defendant, as is the case here, additional defendant has no standing to object thereto. All of the cases cited by the additional defendants in support of their objection to the joinder are concerned with objections by *plaintiff* to the joinder, or with failure to secure approval of the court and are, therefore, inapposite.

As to the demurrer, the complaint against the additional defendants alleges that in the assumpsit action commenced by plaintiff, the additional defendant is solely liable, since he "expressly released both defendants from all liability as a result of any negotiations entered into prior to the agreements of sale." That allegation is based upon a clause in an agreement of sale between original defendants and additional defendants, reading as follows:

"WHEREAS, certain negotiations have been executed by the Corporation and JOHN WALSON, JOHN WALSON hereby releases Municipal T.V. Corporation from all liability as a result of any negotiations entered into prior hereto."

While it is difficult to understand what that clause means in the context of the transaction between

defendants and additional defendants, it is, by its terms, a release. Defendants would convert it into an indemnification agreement. It is clearly not that on its face, and its conversion to an indemnification agreement could only be accomplished by a massive infusion of parole evidence. The parole evidence rule would correctly prohibit such testimony.

## ORDER

And now, July 8, 1971, additional defendants' preliminary objections in the nature of a demurrer are sustained.