# Albert Einstein Medical Center v. Cavanaugh

*Edward E. Russell*, for plaintiff.
*Pershing N. Calabro*, for defendants.
*Jay H. Calvert*, for additional defendant.

## MEMORANDUM AND ORDER

BRADLEY, *P. J.*, June 5, 1975—This matter is before the court for disposition of additional defendant, Blue Cross' (hereinafter "Blue Cross") motion for leave to amend its answer and new matter to include a contractual period of limitations on actions against it and for leave to join a physician as an additional defendant.

This matter began as an action for payment of hospital charges for services rendered to defend-

ant, Francis Cavanaugh (now deceased). Defendant, Helen Virginia Cavanaugh (hereinafter "Mrs. Cavanaugh") was subsequently granted leave to join Blue Cross as an additional defendant, its liability being premised on a contract with defendants.

## MOTION TO AMEND

Pa.R.C.P. 1033 permits pleadings to be amended at any time by leave of court. Such leave is to be liberally allowed absent prejudice to the opposing party, e.g., Posternak v. American Casualty Company of Reading, 421 Pa. 21, 23, 218 A. 2d 350 (1966). In her answer to this motion, Mrs. Cavanaugh asserts waiver by Blue Cross but alleges no prejudice.

This case presents a situation very similar to that confronting the Superior Court in Pellegrine v. Home Insurance Co., 200 Pa. Superior Ct. 48, 186 A. 2d 662 (1962). In that case, defendant omitted to plead a contractual period of limitations in its answer, apparently relying on an erroneous date alleged in the complaint. Since leave to amend was sought well in advance of trial and since no prejudice to plaintiff's rights was shown, the Superior Court reversed the trial court's denial of the application for leave to amend. Here, leave is also sought well before trial, and no prejudice has been shown. As for the assertion of waiver by failure to plead the limitation in the answer, the record does not indicate that Blue Cross was served with a copy of the original complaint which does allege the dates of hospitalization. The complaint against Blue Cross does not allege the dates of hospitalization. It appears that the instant motion is a prompt response to notice of the applicability of the limitation provi-

sion. Even if the failure to plead were due to oversight, that fact would not affect the lack of prejudice to Mrs. Cavanaugh, if leave to amend were given. Such an oversight does not appear so egregious as to overcome the policy favoring liberal allowance of leave to amend as expressed in Posternak, supra.

## MOTION TO JOIN ADDITIONAL DEFENDANT

Since Blue Cross seeks to join an additional defendant more than 60 days ". . . after service upon the original defendant of the initial pleading of the plaintiff . . .," leave of court is required and may be allowed upon cause shown: Pa.R.C.P. 2253.

In determining what constitutes sufficient cause, we are guided by Zakian v. Liljestrand, 438 Pa. 249, 255-56, 264 A. 2d 638, 641 (1970):

"The rule does not specify what is sufficient cause for an extension nor does it delineate the factors that the court should take into consideration when deliberating upon such a petition for extension. The court, therefore, should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60 day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties [citation omitted] without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation."

Blue Cross asserts, in essence, that the hospital admission involved here was not covered by Blue Cross' obligations; that the admitting physician's actions render him and not Blue Cross liable to Mrs.

Cavanaugh for any loss she may suffer; and that the physician's conduct may render him liable to Blue Cross by attempting to defraud them. Resolution of these allegations would require inquiry into the same underlying facts surrounding the hospital admission as are relevant to the question of whether Blue Cross is obligated to Mrs. Cavanaugh under a contract. Thus, it would expedite resolution of the matter to permit all claims to be settled on one hearing of those facts rather than two.

The other consideration is delay to plaintiff-hospital. In this case, plaintiff agreed that Blue Cross should be joined as an additional defendant. Blue Cross first received notice of the action when served with a complaint in October 1974. Upon completion of the exchange of pleadings on December 24, 1974, Blue Cross had not been apprised by any document in the record of the identity of the admitting physician. The record discloses that they were first so notified by Mrs. Cavanaugh's answers to interrogatories, filed February 18, 1975. The petition for leave to join was filed March 24, 1975.

It appears from this perusal of the docket and file that Blue Cross had no opportunity to seek joinder within the 60-day time period and that plaintiff acquiesced in the joinder of Blue Cross under those circumstances. It also appears that Blue Cross undertook reasonably diligent efforts to ascertain facts which revealed the basis for the present motion, which facts were not contained in the pleadings connected with its entry into this matter. Blue Cross' motion is reasonably calculated and perhaps necessary to protect its interests in this matter. In light of plaintiff's acquiescence in the joinder of Blue Cross and the fact that the circumstances surrounding the effectuation of that joinder are re-

sponsible for the delay since October, plaintiff's interest in avoiding delay cannot be permitted to prevail.

Therefore, in light of the above discussion, we enter the following

## ORDER

And now, June 5, 1975, the motion by additional defendant, Blue Cross of Greater Philadelphia, for leave to amend its answer and new matter, is granted.

It is further ordered that the motion by additional defendant, Blue Cross of Greater Philadelphia, for leave to join Robert Weinstock, M.D., as an additional defendant is granted without prejudice to the rights of the additional defendant to object thereto.