Gant *v.* Penn Fruit Company, Inc. et al., Appellant.

Argued September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Phillip B. Silverman,* with him *McWilliams & Silverman,* for appellant.

*James F. Proud,* with him *Gibbons, Buckley & Smith,* for appellee.

OPINION BY HOFFMAN, J., December 1, 1975:

The sole issue before the Court is whether appellee's preliminary objection to its joinder as an additional defendant was properly granted.

In December, 1969, plaintiff, Rebecca Gant, was injured when an unopened bottle of "Gayla" ginger ale exploded, the glass fragments cutting plaintiff who was standing three feet away at the moment of the explosion. Plaintiff's husband had purchased the soda only minutes prior to the accident from a Penn Fruit Company, Inc., retail outlet located at 9th Street and Harlan Avenue, Chester, Delaware County ("Penn Fruit").

Plaintiff initiated suit on November 29, 1971, by filing a writ of praecipe in the Delaware County Court of Common Pleas. In her complaint filed on March 3, 1972, plain-

tiff named as defendants Penn Fruit, Topco Associates, Inc., a supplier of Penn Fruit, ("Topco"),[1] and Delaware County Bottling Works, Inc., one of the bottlers of Gayla sodas and a supplier of Topco ("Delco Bottling"). The complaint alleged negligence, breach of duty under §402 (a) of the Restatement of Torts, 2d, and breach of warranty as alternative theories of liability.

During pre-trial discovery, the plaintiff revealed that she had not retained the remains of the broken bottle. Absent a coded identification number found on the soda bottle, it was impossible for Topco to prove that Delco Bottling was responsible for plaintiff's injury because both Delco and Frank's Beverage Company[2] ("Frank's"), supplied Topco with "Gayla" sodas. Therefore, because Topco intended to defend on the grounds that the bottler of the soda was liable for the plaintiff's injury, Topco filed a petition on April 6, 1973, to join Frank's as an additional defendant. A hearing was held on April 19, 1973; the lower court entered an order on April 30, 1973, that granted Topco's petition and allowed Topco thirty days in which to join Frank's.

Topco alleged in its brief that it did not receive notice that its petition had been granted. In response to Topco's inquiry, the lower court sent the following letter dated September 21, 1973, to Topco's counsel: "If you would check with the Court records, you would find that an Order granting your Petition was signed on April 30, 1973." Topco did not file a praecipe to join Frank's until November 7, 1973. The writ, however, was returned without being served. In July, 1974, the writ was reissued and properly served on Frank's.

On November 29, 1974, Frank's filed preliminary objections to Topco's failure to comply with the court's April 30 order to join Frank's within thirty days. Specifi-

---

1. Topco is the appellant in the case before the Court.

2. Frank's is the appellee.

cally, Frank's stated that "[Topco's] complaint was filed more than thirty (30) days after an Order was filed granting joinder of Additional Defendants on April 30, 1973. This Order was filed by Defendant Topco Associates, Inc. without knowledge of Frank's Beverage and in violation of the Pennsylvania Rules of Civil Procedure.

". . . [Topco's] Praecipe for Writ to Join Frank's Beverage Company as an Additional Defendant was filed on November 7, 1973 and reissued on July 10, 1974 without the knowledge of the Additional Defendant and in violation of the Pennsylvania Rules of Civil Procedure."

In an opinion dated April 3, 1975, the lower court sustained preliminary objections and dismissed the complaint against Frank's.[3] The court recognized that under Pennsylvania Rule of Civil Procedure 2253,[4] it was empowered to allow a party additional time to join an additional defendant "upon cause shown." The court, however, held that Topco's failure to comply with its order justified dismissal of the complaint. On May 5, 1975, Topco filed this appeal.

Topco contends that it has met all the requirements for late joinder of the additional defendant and that failure to permit the late joinder would violate its substantive rights. Topco, however, has misstated the legal issue. In fact, we must decide whether the lower court abused its discretion in dismissing Topco's complaint because Topco failed to comply with the court's order extending the time for joinder of an additional defendant.

———

3. The dismissal of the complaint against the additional defendant is a final order and, thus, is appealable. *Zakian v. Liljestrand*, 438 Pa. 249, 264 A. 2d 638 (1970).

4. The Rule in full reads: "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the Court upon cause shown."

The court's order permitting joinder was filed on April 30, 1973. Topco did not file the praecipe to join Frank's until November 7, 1973. Topco attempts to justify the delay as follows: Topco alleges that the Delaware County Prothonotary failed to comply with Rule 236, Pa.R.C.P., which provides that "[t]he prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:. . . .

"(2) in all other cases, to each party who has appeared in the action or to his attorney of record." According to Topco, it finally received notice of the order on September 21, 1973. It attempts to explain the extensive delay after receiving notice as follows: "As soon as [counsel for Topco] became aware of the outstanding order, the procedure to effectuate the joinder was commenced. It would have added additional time, well beyond 6 weeks, to file another petition and obtain another order for late joinder."

Counsel for Frank's points out a simple fact which negates Topco's allegation that the prothonotary was required to send it notice of the court's order. Rule 236 was promulgated October 4, 1973, effective December 1, 1973, and, therefore, not applicable to the case at bar.[5] The commentary to Rule 236, Goodrich-Amram, Standard

---

5. The commentary to Goodrich-Amram, infra, cites Rules 1038(e) and 1519 (c) as the only rules governing situations in which the prothonotary was required to mail notice of the court's order. Rule 1038 (e) provides in part that "[t]he prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or to his attorney of record of the entry of the final judgment or of any other order of the court." Such notice was to be given when the prothonotary entered "final judgment on the decision [of the court sitting without a jury] if no exceptions have been filed within the twenty (20) day period or if a waiver in writing of the right to file exceptions . . . has been filed." Rule 1519(c) provides that after a final decree in equity "[t]he prothonotary shall give prompt notice of the entry of the final decree."

Pennsylvania Practice, (1975 Supplement), §236 at 146, notes that "[i]n practice, however, it was customary in many counties for the Court itself, or through the prothonotary, to give some form of notice in all actions of all orders, entered in matters before it. . . .

"In some counties notice was given only to the moving party and local practice required him to give notice to his opponent of the court's action." Because Rule 236 was not in effect at the time in question, it can hardly be cited to mitigate Topco's failure to file a praecipe to join the additional defendant.

Further, even after Topco received the lower court's letter (with the court's polite suggestion that Topco check the court records), Topco still did not comply within the thirty days granted by the court's April 30 order. Given Topco's dilatory handling of the case throughout the proceedings[6] and its delay of over six months in complying with the lower court's April 30 order, we find that the lower court did not abuse its discretion in dismissing Topco's complaint against Frank's.[7]

The order of the lower court is affirmed.

---

6. For example, even after Topco finally filed the writ of praecipe, it was returned without being served because the additional defendant, a major company in the Philadelphia area, was not found. The writ was not reissued until July, 1974.

7. Topco cites Rule 126 ("The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. . . .") as a basis for granting it relief. We believe, however, that litigation in the instant case has not been "speedy and inexpensive" almost solely because of Topco's legal maneuvering.