## Gilbert v. Cogan

*David Sorin*, for plaintiffs.
*Daniel N. German* and *John J. Dautrich*, for defendants.

GELFAND, *J.*, March 22, 1978—This matter comes before the court on the petition of Venetta Gilbert, administratrix of the estate of Baby Gilbert, deceased (hereinafter called plaintiff-petitioner), for permission to appeal from the action of the Administrator for Arbitration Panels for Health Care in the Commonwealth of Pennsylvania (hereinafter called the administrator), dismissing the first and second counts of plaintiffs' amended complaint pursuant to the preliminary objections of Robert L. Cogan and Northeastern Hospital of Philadelphia (hereinafter called defendant-respondents).

The record indicates as follows:

Plaintiffs herein, Venetta Gilbert, administratrix of the estate of Baby Gilbert, deceased; Venetta Gilbert; and Robert Gilbert, commenced this action

by filing a complaint against defendants with the administrator pursuant to section 401 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.103, for damages arising from the stillborn birth on January 25, 1976, of Baby Gilbert to Venetta and Robert Gilbert. Subsequently, on February 24, 1977, plaintiffs filed an amended complaint in five counts for the aforementioned damages. The first and second counts were brought by Venetta Gilbert as administratrix of the estate of Baby Gilbert, deceased, for the wrongful death of the fetus and as a survival action, respectively. The third and fourth counts were brought by Robert and Venetta Gilbert in their own right and the fifth count was brought by Venetta Gilbert alone.

Preliminary objections were filed respecting all five counts; and the administrator sustained the preliminary objections to the first four counts, thereby dismissing those counts, but dismissed the preliminary objections to the fifth count.

Subsequently, plaintiff-petitioner filed this petition, seeking leave to appeal the dismissal of the first and second counts only. Thereafter, on September 12, 1977, a hearing was held before this court to determine whether dismissal by the administrator of the counts of the amended complaint dealing with the wrongful death and survival action of the deceased fetus establishes a basis for appeal at this time.

Plaintiff-petitioner contends that we have jurisdiction under section 509 of the Health Care Services Malpractice Act, 40 P.S. §1301.509, or, alternatively, under section 501 of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. §211.501, dealing with interlocutory appeals.

This court finds, for reasons set out hereinafter, that it does have jurisdiction to hear the matter at this time under the aforementioned section of the Health Care Services Malpractice Act, and, therefore, does not reach the issue of jurisdiction under the Appellate Court Jurisdiction Act of 1970.

Section 509 of the Health Care Services Malpractice Act provides in pertinent part:

"Appeals from determinations made by the arbitration panel shall be a trial de novo in the court of common pleas in accordance with the rules regarding appeals in compulsory civil arbitration and the Pennsylvania Rules of Civil Procedure except that the party seeking to file an appeal must first pay all record costs of arbitration to the prothonotary of the court in which he seeks to file his appeal. . . ."

However, although the act does not specifically provide for appeals from decisions of the administrator, we cannot infer therefrom a legislative intent to preclude appeals from decisions of the administrator which are final orders regarding a litigant.

An examination of section 307 of the act reveals the breadth of the administrator's judicial powers over matters before him. It provides:

"(a) The administrator shall adopt and publish such uniform rules and regulations as may be necessary to carry out the provisions of this act, and shall prescribe the means, methods and practices necessary to effectuate such provisions. Such rules and regulations shall be consistent with the common and statutory law of the Commonwealth, the Pennsylvania Rules of Civil Procedure, and the Pennsylvania rules of evidence. . . .

"(c) Prior to appointment of an arbitration panel chairman, the administrator is authorized and empowered to rule on all preliminary motions." 40 P.S. §1301.307.

Pursuant to this authorized power to rule on all preliminary motions, the administrator can, consistently with the Pennsylvania Rules of Civil Procedure, dismiss an entire complaint upon preliminary objections thereto.

Since an examination of section 171.44 of the administrator's rules and regulations, promulgated pursuant to section 307 of the act, indicates that the power which the administrator wields before the creation of the arbitration panel corresponds to that of the panel's chairperson after the panel is created,* an action of the administrator which precludes the claim from being heard by the arbitration panel must be considered tantamount to a final determination of the panel and therefore appealable under section 509 of the act. Under this common sense interpretation of the act and its rules and regulations, there would be no gap in the act, and a final decision of the administrator dismissing an entire complaint which precludes it from being heard by the arbitration panel would be appealable to the court of common pleas.

Also, the same reasoning applies to an order by

---

*Section 171.44 of the Administrator's Rules and Regulations, 37 Pa. Code, provides:

"Prior to the appointment of a chairperson of an arbitration panel, the Administrator will have jurisdiction over all prehearing procedures, discovery and motions. After a chairperson has been designated by the Administrator, the chairperson shall assume such jurisdiction."

the administrator which falls short of dismissing an entire complaint but which effectively terminates the action between the parties or so restricts a party as to put the party out of court. In such instance, this too would be a final, appealable order. Accordingly, an order sustaining preliminary objections which does not entirely dispose of the matter as to all parties, but does dismiss it as to some of them " 'in effect, terminate[s] the action between the parties, or so restricts the pleader . . . as virtually to put him out of court on the cause of action he seeks to litigate' " and is such a final order as can be subject to appeal: Board of Educ. v. Philadelphia Fed. of Teachers, Loc. No. 3, 464 Pa. 92, 95, n. 2, 346 A. 2d 35, 37 (1975); Zakian v. Liljestrand, 438 Pa. 249, 264 A. 2d 638 (1970).

In this matter, the administrator did not dismiss the entire amended complaint, but in sustaining preliminary objections to the first and second counts thereof, did dismiss all counts brought on behalf of Baby Gilbert. This action in fact put that litigant out of court with respect to its rights in this matter vis-a-vis defendants. Unarguably, petitioner could appeal such an action by the arbitration panel, and this court sees no significant basis for a difference because of the action was that of the administrator instead.

Accordingly, we are irresistibly compelled to find that this court has jurisdiction to hear an appeal from the administrator's aforementioned action under section 509 of the Health Care Services Malpractice Act.

Consequently, March 22, 1978, this court hereby orders and decrees that plaintiff, Venetta Gilbert, as administratrix of the estate of Baby Gilbert, deceased, may file an appeal from the order of the

Administrator for Arbitration Panels for Health Care in the Commonwealth of Pennsylvania entered May 25, 1977, which dismisses the first and second counts of the amended complaint, within 30 days hereof in accordance with section 509 of the Health Care Services Malpractice Act and Pa.R.C.P. 1801-1809.