## Kirila v. Allegheny Harvestores, Inc.

*Bernard Goldstone*, for plaintiff.
*William G. McConnell*, for defendant.
*Paul W. Roman, Jr.*, for additional defendant.

STRANAHAN, *P.J.*, December 14, 1982—This action began on March 12, 1981 when plaintiffs filed a writ of summons in trespass and assumpsit against Allegheny Harvestore, Inc. (Allegheny) and A .O. Smith Harvestore Products, Inc. (A. O. Smith). On March 24, 1981, the attorney for A. O. Smith filed a praecipe for a rule to file a complaint against plaintiffs. Plaintiffs' attorney accepted service of this rule but did not file a complaint within the 20-day limit. On June 8, 1981, A. O. Smith's attorney entered a praecipe for a judgment of non-pros upon plaintiffs for their failure to file a complaint.* Plaintiffs finally filed their complaint in trespass and assumpsit on October 7, 1981. The complaint, however, only named Allegheny as defendant, it did not also name A. O. Smith as a defendant. Allegheny filed an answer and new matter and served a set of interrogatories on plaintiffs. Plaintiffs filed their answer to the new matter on February 26, 1982 and their answers to interrogatories on March 2, 1982.

On July 13, 1982, Allegheny petitioned this court for leave to join A. O. Smith as an additional defendant. This court granted such leave, stating that "[t]his ex parte order granting leave to join additional defendant is given without prejudice to either plaintiff or additional defendant's right to raise this issue in preliminary objections upon ser-

---

*Under Rule 1037(a) of the Pennsylvania Rules of Civil Procedure, A. O. Smith was entitled to have a judgment of non-pros entered against plaintiffs. Because of our disposition of the late joinder issue we do not have to reach the issue of whether A. O. Smith could be joined by Allegheny on the basis of sole liability when plaintiffs' claim against it had been dismissed by a judgment of non-pros: Cf. 7 Standard Pa. Practice 2d 39:96, 97, p. 307-8 with 3 Standard Pa. Practice 2d 14:155, p. 223-26.

vice of the pleadings." Allegheny thereafter filed a complaint against A. O. Smith alleging that A. O. Smith was either solely or jointly liable to plaintiffs. A. O. Smith has filed preliminary objections contesting its joinder. These objections are now before this court for disposition.

The subject matter of plaintiffs' action relates to the purchase and installation of two grain silos manufactured by A. O. Smith and sold by Allegheny as A. O. Smith's dealer. Plaintiffs allege that Allegheny breached the sales and installation agreement by failing to install a steel floor in one of the silos and by failing to make the crown of the floor of the other silo level with its trough. These omissions also serve as the basis of plaintiffs' count in negligence.

Pa.R.C.P. 2252 deals with the right to join additional defendant. Rule 2253 sets forth the time limit in which joinder must be accomplished. It provides in full:

Neither Praecipe for Writ to Join Additional Defendant nor a Complaint if the joinder is commenced by the Complaint, shall be filed by the Original Defendant or an Additional Defendant later than 60 days after the service upon the Original Defendant of the initial pleading of the Plaintiff or any amendment thereof unless such filing is allowed by the Court upon cause shown.

If an action is commenced by a writ of summons the "initial pleading" under Rule 2253 is plaintiff's complaint. The writ of summons is *not* the initial pleading: Lesevich v. Ruch, 3 D. & C. 3d 662 (1975). The 60-day limit does not begin to run until service of plaintiff's complaint is made. In the present case, the 60-day limit for joinder as a matter of course did not begin until plaintiffs served their

complaint upon Allegheny on October 7, 1981. The 60-day limit would therefore expire around December 6, 1981. Allegheny filed its complaint against A. O. Smith on July 26, 1982, well over seven months after the 60-day limit expired. Allegheny, therefore, bears the burden of obtaining leave of this court to join A. O. Smith by demonstrating sufficient "cause" for the late joinder: Welch Foods, Inc. v. Bishopric Products Co., 254 Pa. Super. 256, 385 A. 2d 1007 (1978).

Rule 2252 does not define what sufficient cause might be. In order to fashion some guidelines for the lower courts, the Pennsylvania Supreme Court stated in Zakian v. Liljestrand, 438 Pa. 249, 264 A. 2d 638 (1970):

The court . . . should be guided by the objective sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60 day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties . . . without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation. Id. at 256, 264 A. 2d at 641. (For examples of what might be sufficient cause, see 3 Standard Pennsylvania Practice 2d 14:173, p. 268-72; 8 Goodrich Amram 2d, 2253:3, p. 99-108.)

It has been held that the benefit of the 60-day limit does *not* run to the proposed additional defendant: Kenco Automotive, Inc. v. Bracken Agency, Inc., 64 D. & C. 2d 412 (1974). The time limit was introduced solely for the benefit of plaintiff so he would not be unduly delayed in prosecuting his action. If plaintiff stipulates to the proposed joinder and cause is shown, the additional defend-

ant cannot complain: Id. at 415-16. Even if plaintiff agrees to the joinder, the original defendant must still advance a sufficient reason which justifies his delay in joining the additional defendant. We now turn to the present case to resolve what is indeed a close question.

It is unquestionable Allegheny knew of A. O. Smith's existence and its relationship with Allegheny. A. O. Smith manufactured silos while Allegheny sold those silos as A. O. Smith's dealer. As soon as plaintiff identified the two silos causing trouble, Allegheny must have known that they were manufactured by A. O. Smith. In both its answer and in the sales agreement attached to plaintiffs' complaint, Allegheny refers to the silos as being manufactured by A. O. Smith. Allegheny was therefore well aware of A. O. Smith's involvement in and relationship to plaintiffs' suit.

In its answer, Allegheny alleges that the two were installed in complete compliance with A. O. Smith's specifications in installing the silos. It is not unreasonable to believe that this theory of A. O. Smith's sole liability arose not long after Allegheny filed its answer to plaintiffs' complaint. The groundwork to support such a contention was certainly laid in its answer. It therefore seems reasonable to believe that Allegheny thought up this theory long before it filed its petition for leave to join A. O. Smith.

Allegheny contends it needed time after it filed its answer to engage in discovery in order to shed light on what it thought was an unclear cause of action. A fair reading of the set of interrogatories served on plaintiffs, however, leads one to the conclusion that all the interrogatories sought was an elaboration of the defects and damages relied upon by plaintiffs. It is difficult to see how these interrogatories cleared

up any ambiguity surrounding the nature of the cause of action. Plaintiffs' complaint was quite exact in its description of the errors Allegheny allegedly committed.

What is more important, however, is that there was no ambiguity whatsoever surrounding A. O. Smith's role in the litigation. A. O. Smith's involvement should have been discovered when the complaint was served on Allegheny. It certainly did not need nine months to discover A.O. Smith's involvement.

The only other reason advanced by Allegheny to justify the delay is that Allegheny needed some time to learn if its insurance covered the suit against it. How this affects Allegheny's ability to discover A. O. Smith's role in the litigation is not explained. We therefore do not consider this reason to be sufficient to justify the late joinder.

In conclusion, up until the time the complaint was filed, A. O. Smith was still a defendant in the suit. As soon as the complaint was filed and the nature of the cause of action revealed, Allegheny should have known that A. O. Smith played a crucial role in the litigation. Allegheny, in its petition for leave to join A. O. Smith, admitted to discussing the suit with A. O. Smith. All these facts point unerringly to an awareness on Allegheny's part of A. O. Smith's relationship to the lawsuit. Because A. O. Smith's involvement is so obvious, we can only conclude that Allegheny's failure to join A. O. Smith within the 60-day limit was due to the inadvertence of counsel for Allegheny. The inadvertence of counsel is not a sufficient reason to justify late joinder: Zakian v. Liljestrand, 438 Pa. 249, 264 A. 2d 638 (1970); Gist v. Magic Chef, Inc., 125 P.L.J. 351 (1972).

Because we have concluded that no cause has

been shown to justify the late joinder there is no need to discuss at length whether the late joinder would delay the prosecution of plaintiffs' action or prejudice plaintiff or A. O. Smith. We note, however, that Allegheny has filed a petition in bankruptcy and this will apparently effect a stay of all litigation against Allegheny. If it is true, then there is little likelihood that permitting a joinder would unduly delay prosecution of plaintiff's suit. We also note that plaintiff has filed a motion dated June 8, 1982, to complete discovery within 60 days under rule of court. Permitting joinder might therefore prejudice A. O. Smith because it would prevent A. O. Smith from fully participating in discovery. We finally take note of the fact that plaintiff has apparently not objected to Allegheny's attempt to join A. O. Smith. Although whether a plaintiff objects to the late joinder is certainly a fact to be taken into account, we do not believe it to be determinative. When balanced against the fact that Allegheny has failed to justify the late joinder, we still believe that the joinder should be denied.

Admittedly, this question is a close one. We nevertheless believe that Allegheny has failed to demonstrate sufficient cause to justify the late joinder. A. O. Smith's involvement in the suit is obvious and Allegheny's failure to join A. O. Smith within the 60-day limit cannot be explained away by arguing that the cause of action was unclear or that the scope of its insurance coverage was still undetermined. Because no adequate justification exists for the late joinder we are compelled to sustain A. O. Smith's preliminary objections contesting its joinder.

## ORDER

And now, December 14, 1982, A. O. Smith Harvestore Products, Inc.'s preliminary objections are

sustained and the complaint against it filed by Allegheny Harvestore, Inc., is hereby dismissed.