## Cozzi v. Johns-Manville Corp.

*Shein and Brookman,* for plaintiff.
*Ballard, Spahr, Andrews & Ingersoll,* for defendant.

TAKIFF, *J.,* April 29, 1983—Presently before the court is defendant Pacor, Inc.'s petition to join additional defendants nunc pro tunc. The motion is unopposed. For the reasons explicated below, we grant the instant motion.

On February 13, 1980, plaintiffs filed a complaint against movants Celotex Corporation and Carey Canadian Mines Ltd., alleging injuries to husband-plaintiff as a result of his exposure to asbestos products supplied by them. On January 21, 1982, plaintiffs served their first amended complaint joining as added original defendants Flintkote Company, Pittsburgh Corning Corporation and Raymark In-

dustries, Inc. Thereafter, added defendants Flintkote Company, Pittsburgh Corning Corporation and Raymark Industries, Inc., filed motions for summary judgment, asserting that plaintiffs' direct action as to them was barred by the statute of limitations; said motions were granted by this court on November 22, 1982. Movant now seeks to join the aforementioned as additional defendants on the ground that their products were among those to which husband-plaintiff was allegedly exposed and, hence, they may be liable by way of contribution or indemnity to movant.

Movant asserts that its delay in joining proposed additional defendants is due to the fact that counsel for movant first received notice of the granting of the motions for summary judgment filed by the proposed added defendants in January 1983. Movant further asserts that no prejudice will result to any proposed additional defendant, since no discovery has taken place during the time which has elapsed since their dismissal from the case. In addition, movant contends that where the benchmark event is a dismissal from the case, the 60-day period within which a proposed additional defendant may be joined under Pa.R.C.P. 2253 should date from the time of the dismissal. We agree with this contention in substance and allow the joinder here sought.

Granting or denying a petition to extend the time within which additional defendants may be joined is within the sound discretion of the court. Zakian v. Liljestrand, 438 Pa. 249, 264 A.2d 638 (1970). In determining whether the court should allow joinder of additional defendants after the 60-day period provided by Pa.R.C.P. 2253 has lapsed, the Zakian court admonished that a court should:

"[b]e guided by the objectives sought to be achieved by the use of the additional defendant pro-

cedure in conjunction with the purpose for which a .60-day limitation was placed on its unrestricted use." Id. at 256. The court explicated that the joinder rule was designed to dispose of matters involving numerous parties in a simple and expeditious manner, without subjecting the original plaintiff to unreasonable delay. Id.

Standards for what constitutes the requisite cause for an extension of time within which to join additional defendants have been judicially developed:

"As a general proposition, the time period for the joinder of an additional defendant should be extended if there is alleged: (1) some reasonable justification or excuse for the delay; (2) facts showing the liability of the proposed additional defendants; (3) that the extension will not cause any undue hardship on the additional defendant. Scureman v. Perkiomen Realty Co., 47 D.&C. 361 (1943); Lambert v. Webb Mfg. Co., 77 D.&C. 363 (1951), quoting Goodrich-Amram. Rizzo v. City of Philadelphia, 67 D.&C.2d 665, 668 (1974) (unexplained delay and prejudice to proposed additional defendant compels dismissal of writ of joinder and joinder complaint).

Applying these factors to the matter sub judice, and bearing in mind the objectives delineated above, we find that movant has met its burden of demonstrating sufficient cause for its delay in seeking joinder. Movant's justification for its delay is reasonable; the liability of proposed additional defendants has been appropriately alleged in movant's joinder complaint, based upon movant's information and belief that the asbestos products alleged by plaintiff to have caused his injuries were supplied by proposed additional defendants; and no hardship

or prejudice will result to any party as a result of joinder.

Accordingly, we enter the following

## ORDER

And now, this April 29, 1983, upon consideration of defendant Pacor, Inc.'s petition for joinder of additional defendants nunc pro tunc, no response thereto having been filed, it is hereby ordered and decreed that leave is granted to movant to join proposed additional defendants Flintkote Company, Pittsbugh Corning Corporation and Raymark Industries, Inc., without prejudice to the rights of said additional defendants to timely object.

TAKIFF, J., April 29, 1983—Presently before the court are additional defendant Owens-Corning Fiberglas Corporation's preliminary objections to the third-party complaint of Pacor, Inc. For the reasons explicated below, we overrule the instant preliminary objections.

On February 13, 1980, plaintiffs served their original complaint in trespass and assumpit on Pacor, Inc. (Pacor), Celotex Corporation and Carey Canadian Mines, Ltd. Movant was neither named in nor served with that pleading. On January 21, 1982, plaintiffs served their first amended complaint, in which movant was named and served as a party defendant. On December 15, 1982, movant filed a motion for summary judgment, asserting the bar of the statute of limitations. On January 24, 1983, we granted that motion as to plaintiffs' direct claims and any implied cross-claims arising out of operation of our fifth pretrial order issued August 1, 1979.

Less than 60 days later, on March 14, 1983, Pacor filed a third-party complaint against movant, to which movant now preliminarily objects.

Movant asserts that the third-party complaint of Pacor violates our order of January 24, 1983, granting summary judgment to movant on plaintiff's direct claims and any implied cross-claims and, therefore, should be stricken for lack of conformity to rule of court.

In its response to the preliminary objections, Pacor asserts that the order entered by this court on January 24, 1983, expressly recognized the right of any defendant to rejoin movant by virtue of the following language:

"This order is without prejudice to the right of any defendant to initiate appropriate actions seeking contribution or indemnification against Owens-Corning Fiberglas Corporation as may be warranted under the circumstances." Cozzi v. Johns-Manville Corp., 8002-1703(-) (Phila. C.C.P. January 24, 1983) at 4.

We agree with Pacor that our order of January 24, 1983, clearly provided for the institution of appropriate actions for contribution or indemnity. Movant's preliminary objection in the nature of a motion to strike for lack of conformity to rule of court is overruled.

Movant further contends that Pacor's complaint should be stricken for lack of conformity to law, because it was filed beyond the 60-day period provided by Pa.R.C.P. 2253. In support of this contention, movant avers that Pacor filed its third-party complaint against it on March 15, 1983, more than three years after plaintiffs served their original complaint upon Pacor and more than 13 months after plaintiffs served their first amended complaint upon Pacor. Since Rule 2253 provides that a complaint

against an additional defendant must be filed by the original defendant within 60 days after service upon the original defendant of the initial pleading of plaintiff or any amendment thereof, unless such filing is allowed by the court upon cause shown, movant urges that Pacor's third-party complaint should be stricken as violative of Rule 2253. We disagree, and therefore overrule movant's preliminary objection in the nature of a motion to strike for lack of conformity to rule of law.

Pacor contends that the usual 60-day constraint of Rule 2252(d) should be tolled, since it was "legally impossible" for Pacor or any other defendant to file a complaint against movant while it remained a party. While this assertion is technically correct, it begs the question of whether movant could have been joined as an additional defendant by some other means than the filing of complaint. Clearly, the provisions of Pa.R.C.P. 2252(a) and 2252(d) permit the joinder of any person, whether or not a party, and the appropriate procedure for joining one already a party is set forth in 2252(d). There is no reason why such procedure could not have been employed by any defendant seeking to join movant while it remained a party to this action. However, we recognize concomitantly that there was no incentive for any defendant to avail itself of that procedure, in light of the fact that viable, albeit implied, cross-claims were already asserted against movant by virtue of our fifth pre-trial order.

By our order of January 24, 1983 granting summary judgment in favor of movant on plaintiffs' claims and all implied cross-claims, we dismissed movant from the action as to all parties except those which filed for reorganization under Chapter 11. Subsequent to the entry of our order no defendant seeking to join movant as an additional defendant

could have made use of the procedure delineated in Rule 2252(d); the only means by which cross-claims could thereafter be asserted against movant would be by the filing of a third-party complaint such as the one filed by Pacor, to which the instant preliminary objections are filed.

On March 15, 1983, within 60 days of our order of January 24, 1983, granting movant's motion for summary judgment, Pacor filed its third-party complaint against movant. Because we find that a new 60-day period for joinder of additional defendants was constructively created by our order permitting the assertion of cross-claims against movant, we conclude that Pacor's third-party complaint was timely filed and that the substantive objectives of Rule 2253 have been met.

Accordingly, we enter the following

### ORDER

And now, this April 29, 1983, upon consideration of additional defendant Owens-Corning Fiberglas Corporation's preliminary objections to the third-party complaint of Pacor, Inc., and the response of Pacor, Inc., thereto, it is hereby ordered and decreed as follows:

(1) Movant's preliminary objection in the nature of a motion to strike for lack of conformity to rule of court is overruled.

(2) Movant's preliminary objection in the nature of a motion to strike for lack of conformity to rule of court is overruled.

### ORDER

And now, this April 29, 1983, upon consideration of additional defendant J. P. Stevens and Co.'s motion for summary judgment, no response thereto

having been filed, and for the reasons set forth more fully in our memorandum opinion and order in Cozzi v. Johns-Manville Corp., 8002-1703(-) Phila. C.C.P. January 24, 1983) it is hereby ordered and decreed that said motion is granted in favor of movant as to plaintiffs' direct claims and any implied cross-claims arising out of operation of our pretrial order no. 5, issued August 1, 1979. Our ruling is deferred with respect to defendants Amatex Corporation, Johns-Manville Corporation and UNARCO in view of the several petitions for reorganization presently pending before the Bankruptcy Court and the automatic stay imposed by 11 U.S.C. §362(a), without prejudice to the right of any party to praecipe for further consideration by this court when timely and appropriate in accordance with said bankruptcy proceedings.

This order is without prejudice to the right of any defendant to initiate appropriate actions seeking contribution or indemnification against movant as may be warranted under the circumstances.