**Thomas J. LAWRENCE, Appellee,**

v.

**Ella M. MEEKER, Guy W. Scott and Marilyn Scott, Appellants.**

Superior Court of Pennsylvania.

Argued June 17, 1998.

Filed Sept. 2, 1998.

---

Benjamin A. Nicolosi, Dunmore, for Barbara Brodie, participating party.

Before McEWEN, President Judge, and DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

Appellants, Ella M. Meeker, Guy W. Scott and Marilyn I. Scott, challenge the Order of April 3, 1997, as amended,[1] whereby the trial court denied and dismissed appellants' petition for leave to join Barbara J. Brodie as an additional defendant. Appellants argue the trial court abused its discretion by not following the proper procedures for the joinder of an additional defendant and by not acting in accordance with the objectives which underlie the additional defendant procedures. Appellants also contend the trial court abused its discretion because its Order is based on conclusions, which are not supported by the record. Specifically, appellants point out that the trial court never conducted an evidentiary hearing on their petition for joinder and maintain that they did in fact provide reasonable justification for their delay in commencing joinder proceedings.

On December 15, 1993, Thomas J. Lawrence, the plaintiff in the case below, was involved in a motor vehicle accident with a 1987 International school bus owned by appellants-Scott and operated by appellant-Meeker. During the incident, plaintiff's vehicle entered a culvert or drainage ditch, which abutted the driveway of proposed additional defendant, Barbara J. Brodie. Plaintiff's vehicle thereafter landed on its roof and came to rest in the roadway.

On February 13, 1996, plaintiff filed a complaint,[2] and on March 12, 1996, appellants responded by serving plaintiff with interrogatories and a request for production of documents. Appellants thereafter filed an answer and new matter, and plaintiff filed a reply to the new matter. The plaintiff, however, did not file a response to appellants'

Paul A. Barrett, Scranton, for appellants.

---

1. By Order dated April 18, 1997, the trial court amended its previous Order to provide for immediate appeal. **See** Pa.R.A.P. 341, **Final Orders; Generally,** (c) **Determination of Finality.**

2. Plaintiff had initiated the instant action by filing a praecipe for writ of summons on December 11, 1995.

■■■■■■■

interrogatories and request for production of documents until September 11, 1996.

On June 21, 1996, appellants filed their first petition to join Brodie as an additional defendant.[3][4] The court issued a rule to show cause, and plaintiff filed an answer in which he joined appellants' petition. Nevertheless, Judge Mott granted leave to join the additional defendant—"only upon the filing of proof that the Petition and Rule issued thereon were served on the Plaintiff ... *and the proposed additional Defendant before today's date.*" (Record # 17, Order of Court, Mott, J., 7/23/96) (emphasis added).[5] Since the proposed additional defendant had not been served with the petition and rule, Judge Mott's Order was a nullity.

On August 9, 1996, appellants filed a second petition to join Brodie as an additional defendant,[6] and the court issued a rule to show cause why joinder should not be granted. The plaintiff did not file an answer, but Brodie filed a response, requesting that the petition be denied. The court then scheduled argument on the petition, and on April 3, 1997, President Judge Smith denied and dismissed appellants' petition for joinder. By Order dated April 18, 1997, the court amended its order to provide for immediate appeal, and appellants filed notice of this appeal.[7]

■ The Pennsylvania Rules of Civil Procedure provide that a writ for joinder shall be filed by the original defendant or an additional defendant no later than sixty (60) days after effecting service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof "unless such filing

is allowed by the court upon cause shown." Pa.R.C.P. 2253, **Time for Filing Praecipe or Complaint.** Whether there is sufficient cause to allow late joinder of an additional defendant is a matter within the sound discretion of the trial court. *Mutual Industries, Inc. v. Weinberg,* 423 Pa.Super. 328, 621 A.2d 140, 143 (1993). Nevertheless, the court "should be guided by the objectives sought to be achieved by use of the additional defendant procedure." *Zakian v. Liljestrand,* 438 Pa. 249, 256, 264 A.2d 638, 641 (1970). Joinder should be granted when it can "simplify and expedite the disposition of matters involving numerous parties without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation." *Id.* (citations omitted).

■ When requesting the belated joinder of an additional defendant, a party must show (1) that joinder is based on proper grounds, (2) that some reasonable excuse exists for the delay in commencing joinder proceedings, and (3) that the original plaintiff will not be prejudiced by the late joinder. *Francisco v. Ford Motor Co.,* 406 Pa.Super. 144, 593 A.2d 1277, 1278 (1991). This Court has also considered the potential for prejudice to the proposed additional defendant. *Prime Properties Development Corp. v. Binns,* 397 Pa.Super. 492, 580 A.2d 405 (1990). However, limitations on joinder are primarily intended to protect a plaintiff from being unduly delayed in prosecuting his action. *See Zakian,* 438 Pa. at 256, 264 A.2d at 641; 7 Goodrich Amram 2d, Procedural Rules Service with Forms § 2253:5 Exten-

---

**3.** Apparently, appellants served the petition on plaintiff but not on the proposed additional defendant.

**4.** Appellants filed their writ for joinder after the expiration of the applicable statute of limitations. However, none of the parties argue this point. Consequently, the issue is not before us. Moreover,

> a defendant may not bring another party into the case on the theory that he is solely liable to plaintiff if the plaintiff himself is already time barred from suing that new defendant. In contrast, where the original defendant wishes to join an additional defendant who is not already a defendant in the action on the ground that the additional defendant is liable

to the original defendant for contribution or indemnity, the statute of limitations on the plaintiff's cause of action is irrelevant. The claim of the original defendant for contribution or indemnity is the original defendant's own separate cause of action which does not even arise until he has been held liable to plaintiff. *Hileman v. Morelli,* 413 Pa.Super. 316, 605 A.2d 377, 382 (1992).

**5.** By this Order, Judge Mott also recused himself from the case.

**6.** The second petition was served on both plaintiff and the proposed additional defendant.

**7.** Plaintiff subsequently joined in the brief filed on behalf of the appellants.

sion of time limitation, generally, *citing Dilbeck v. Bar–Van Enterprises, Inc.*, 55 D & C 2d 177, 179 (1971), *aff'd*, 221 Pa.Super. 756, 289 A.2d 137 (1972); *Kirila v. Allegheny Harvestores, Inc.*, 25 D & C 3d 318, 321 (1982).

■ On appeal, appellants argue the trial court abused its discretion by not following the proper procedures for the joinder of an additional defendant and by not acting in accordance with the objectives, which underlie the additional defendant procedures. We agree. The trial court required appellants to serve the proposed additional defendant and subsequently, treated Brodie's response as if it was an answer filed by the plaintiff. In doing so, the trial court ignored the primary purpose of the limitations, which are placed on joinder. As previously stated, these limitations are intended to prevent *the original plaintiff* from being subjected to delay in the prosecution of his case.

Although a court may consider the impact of joinder on the additional defendant, the procedure followed by the trial court violated the Pennsylvania Supreme Court's mandate that joinder should be granted in order to simplify and expedite matters involving numerous parties. As appellants point out, plaintiff's mother was a passenger in plaintiff's automobile and has brought suit in a related case arising out of the same accident. In that case, Brodie has already been joined as an additional defendant, and the cases will no doubt be consolidated for trial. *See Gertrude Kulpinski v. Thomas J. Lawrence, Ella M. Meeker, Guy W. Scott, Marilyn I. Scott v. Barbara J. Brodie*, 95 CV 000502 (Bradford Co.).

■ Appellants next contend that they did in fact provide reasonable justification for their delay in commencing joinder proceedings and that the trial court therefore abused its discretion in denying their petition for joinder. We agree. On March 12, 1996, appellants served plaintiff with interrogatories and a request for production of documents. In these documents, appellants asked for the following information relating to the cause of the accident and the identity of potential additional defendants:

The interrogatories asked whether plaintiff or anyone acting on his behalf had undertaken any investigation with regard to any claim or defense of any party to the action and asked that a copy of plaintiff's "complete investigative file" be attached to plaintiffs' answer thereto. They asked whether the scene of the accident had been at any time afterwards inspected by the plaintiff or anyone acting on his behalf. They asked whether plaintiff knew of anyone having "any knowledge of the conditions at the scene of the alleged incident existing before, at, or immediately" thereafter.

Appellants' request for production of documents asked for copies of "any investigative file or files and any other documentary material ... which support or relate to" the complaint's allegations, all "... charts, diagrams, maps, and/or drawings ... pertaining in any manner to the alleged occurrence ...", and copies of reports from plaintiff's expert witnesses.

(Appellants' Brief at 10–11, *quoting* portions of interrogatories and request for production of documents (citations to reproduced record omitted).) Appellants made repeated written requests and filed a motion to compel discovery, but they were unable to secure a response to their inquiries until long after the 60–day limit for joinder had expired. As a result, appellants lacked information, which was necessary to identify Brodie as an additional defendant.

In its Opinion, the trial court determined that appellants had shown proper grounds for joinder and acknowledged that the "investigation of the cause of the accident, might ... require some detailed investigation by a qualified expert." (Trial Court Opinion, Smith, P.J., 4/3/97, at 2–3.) Additionally, appellants' action for joinder involved a delay of only approximately two months, and the plaintiff admitted that he would not be prejudiced by late joinder. Record # 16, Answer to Petition of Defendants, 7/22/96, at ¶ 9. The proposed additional defendant has also not indicated that she would be prejudiced in any way. Under these circumstances, the trial court abused its discretion by requiring appellants to abide

**1050**

by an unreasonable standard in justifying the delay in commencing joinder proceedings.

Reversed and remanded for the entry of an Order consistent with this Opinion.

Jurisdiction relinquished.