Montana v. Oakford Wood Homeowners Ass'n.

C.P. of Lackawanna County, No. 2012-CV-236.

*Thomas E. Brenner,* for plaintiff.

*George W. Vokolos* and *Maureen E. Kelly,* for defendants.

MINORA, *J.,* April 1, 2013—The issue before the court is defendant's motion for leave to join additional defendant Scranton Craftsman. For the reasons that follow, the motion is granted.

## HISTORY OF THE CASE

This case arises from a sewer line leading from the Montana home becoming backed up resulting in property damage to the home on January 19, 2010. Plaintiffs' complaint, filed on June 4, 2012, alleges that during the repairs and cleanup it was determined that the sewer line leading to plaintiffs' home had not been properly connected

or constructed in the street allowing for a leak and backup of the sewage into the home. The complaint alleges that damage and losses in the amount of $19,134.88 were incurred by plaintiffs.

On November 13, 2012, defendants David M. Epstein and Waverly Development Associates, Inc. filed a motion for leave of court to join Scranton Craftsmen, Inc. as an additional defendant. Defendants assert that it was not until the suit was commenced and the specific details of the incident were discovered that moving defendants' learned that the general contractor for the Oakford Woods Development, Scranton Craftsmen, Inc., could possibly be held responsible. Defendants contend that if the incident occurred as alleged by plaintiffs, then the incident was due in whole or in part to the acts and/or omissions of Scranton Craftsmen, Inc., who was responsible for the installation and maintenance of the sewer system. Moving defendants also claim that there will be no unfair prejudice or hardship on any of the parties to this claim, or Scranton Craftsmen, Inc. should the joinder be allowed. Plaintiffs filed a response to defendants' motion to join additional defendant on January 10, 2013. Plaintiffs concur with defendants request to join Scranton Craftsmen, Inc. as an additional defendant in this matter.

Scranton Craftsmen, Inc. filed a brief opposing the motion of defendants Epstein and Waverly Development for leave of court to join on February 4, 2013. Scranton Craftsmen argues that the proposed joinder should be stricken as out of time. Craftsmen claims that the parties knew who the general contractor was at the time the

complaint was filed because they where both parties to the agreement dated thirteen years ago. Craftsmen asserts that because of this there is no reasonable excuse for the delay in commencing the joinder proceedings. Furthermore, Craftsmen claims that defendants have failed to prove that their proposed joinder is based upon proper grounds and that this delay is prejudicial to Craftsmen in that it impairs their ability to investigate what company or entity did any work on the plaintiffs' home and sewer system back in January of 2010.

## LEGAL STANDARD

Pennsylvania Rule of Civil Procedure 2253 states:

"(a) Except as provided by Rule 1041.1 (e), neither a praecipe for writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than (1) sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof, or (2) the time for filing the joining party's answer as established by Rule 1026, Rule 1028 or order for the court, whichever is later, unless such filing is allowed by order of the court or by the written consent of all parties approved by and filed with the court."

Pa. R.C.P. 2253.

Under Pennsylvania case law, whether there is sufficient cause to allow late joinder of an additional defendant is a matter within the sound discretion of the trial court. *Mutual Industries, Inc. v. Weinberg*, 423 Pa. Super. 328, 621 A.2d 140, 143 (1993). Joinder should be granted

when it can simplify and expedite the disposition of the matters involving numerous parties without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation. *Lawrence v. Meeker*, 717 A.2d 1046, 1048 (Pa. Super. 1998) (quoting *Zakian v. Liljestrand*, 438 Pa. 249, 256, 264 A.2d 638, 641 (1970)). Although the court may consider the potential prejudice to the proposed additional defendant, the limitations on joinder are primarily intended to protect a plaintiff from being unduly delayed in prosecuting his action. *Lawrence* at 1048. Herein the plaintiff concurs in moving defendants' motion to join.

Prior to 2005, Pennsylvania Rule of Civil Procedure 2253 provided that the joinder of an additional defendant had to be filed no "later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown." *Prime Properties Development Corporation v. Binns*, 397 Pa. Super. at 499, 580 A.2d at 408 (1990). When requesting a belated joinder under former Rule 2253, the party seeking to join an additional defendant was required to show (1) that joinder was based on proper factual grounds of potential liability, (2) that some reasonable excuse existed for the delay in filing the joinder request, and (3) that the late joinder would not be prejudicial to the plaintiff or the proposed additional defendant. *Kovalesky v. Esther Williams Swimming Pools*, 345 Pa. Super. 95, 103, 497 A.2d 661, 665 (1985). Under the prior practice, the burden of demonstrating sufficient "cause" to allow late joinder of an additional defendant rested with the defendant, who

was required to "establish some reasonable justification for the delay." *White v. American Honda Research of America*, 403 Pa. Super. 584, 587, 589 A.2d 764, 766 (1991). It should be noted that moving defendants have relied on this earlier version of Pa. R.C.P. 2253 in their present motion.

The current version of Rule 2253, effective January 6, 2005, changes the burden applicable to a defendant seeking to join an additional defendant beyond the sixty day period prescribed in subdivision (a) of Rule 2253. In its present form, Pa. R.C.P. reads in pertinent part:

(b) Any party may object to a motion to join an additional defendant after the period prescribed…on the ground that the party will be prejudiced by the late joinder. The plaintiff may also object to the late joinder on the ground that the joining party has not shown a reasonable justification for its delay in commencing joinder proceedings.

(c) A person not previously a party who is joined as an additional defendant may object to the joinder by filing preliminary objections asserting prejudice or any other ground set forth in Rule 1028.

Pa. R.C.P. 2253(b)-(c).

The current version of Rule 2253 deletes the "upon cause shown" requirement, and subsection (b) now merely entitles the plaintiff to object to the belated joinder on the basis that the moving party has failed to demonstrate a "reasonable justification for its delay in commencing joinder proceedings." Any other party, including the party

who is joined as an additional defendant, may object only on the grounds of prejudice. Pa. R.C.P. 2253(b), (c). However, the term "prejudice" in this context "does not mean the normal prejudice that always follows joinder in a lawsuit" and instead requires "a detriment independent of that," such as the inability to conduct discovery due to joinder on the eve of trial or the destruction of material evidence during the period of delay. *7 Goodrich Amram 2d §2253:10*. As indicated by the explanatory comment accompanying the 2005 amendments to Rule 2253:

> New subdivision (b) governs the procedure by which a party may object to a proposed late joinder of an additional defendant. Any party may object to the motion to join on the ground of prejudice. However, only the plaintiff may object on the ground of the absence of some reasonable justification for the delay in commencing the joinder proceeding. The reasonable justification standard is the same as the cause shown standard of Rule 2253 prior to the present amendment.

Pa. R.C.P. 2253, Explanatory Comment (2005).

In opposing moving defendants' motion for leave to join, Scranton Craftsmen points out that this motion, filed on November 13, 2012, came five months after the filing of the complaint and two and a half months following the filing of the amended complaint. Scranton Craftsmen asserts that there is no rationale for such a delay when there exists an agreement between Waverly Development and Scranton Craftsmen, dated May 1999 which they attach to their brief. Scranton Craftsman claims that this agreement shows that moving defendants knew who

the general contractor was since they were both parties to the agreement. Scranton Craftsmen maintains that this evidence is proof that moving defendants cannot demonstrate that some reasonable excuse exists for the delay in commencing its joinder proceedings, as required under Pa. R.C.P. 2253. However, this assertion is in error, both factually and legally. First, simply because a party may recall the existence of a contract does not mean they can appreciate the presence of legal responsibility. Also, under the current version of Rule 2253, only the plaintiffs may object on such grounds, and all other parties, including Scranton Craftsmen, may object only on the grounds of prejudice. Pa. R.C.P. 2253(b), (c). As stated earlier, the plaintiff concurs with moving defendants' motion to join.

Scranton Craftsmen does object on such grounds stating that prejudice exists because the delay impairs their ability to investigate what company or entity did work on the plaintiffs' home and sewer system back in January of 2010 and just prior to January of 2010. In *Prime Properties Development Corp.*, the court found that prejudice from late joinder exists where "the case is already listed on the trial list, and any discovery, whether depositions, including the deposition of additional defendant himself, or photographs, was obtained without the best interests of additional defendant in mind," the additional defendant "was not represented by counsel when his deposition was taken," and he "cannot go back and obtain his own photographs of the allegedly faulty framing which no longer exists." *Prime Properties Development Corp.*, at 506. In the present case, the record reflects that the parties' pleadings have not yet closed and discovery has

not even been initiated. Nor have any depositions been scheduled by the parties. Thus, there is no potential risk of delay attributable to the need for newly joined parties to reconduct discovery that has already been completed.

Absent such prejudice, Scranton Craftsman has not articulated any ground for disallowing its late joinder under Rule 2253(b). In light of the lack of any objection by plaintiffs regarding moving defendants' reasonable justification for their delay in joining Scranton Craftsmen, the motion to join additional defendant is granted.

An appropriate order follows.

### ORDER

Accordingly, April 1, 2013 defendant's motion for leave to join additional defendant Scranton Craftsman is granted.