J-A10035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID MILLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANTHONY PUCCIO AND JOSEPHINE PUCCIO, HIS WIFE, ANGELINE J. PUCCIO, NRT PITTSBURGH, LLC D/B/A COLDWELL BANKER REAL ESTATE SERVICES, AND SUZANNE LORENZI SALA | |
| Appellees | No. 897 WDA 2015 |

Appeal from the Order Entered June 1, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR 13-004384

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 25, 2016**

Appellant, David Miller, appeals from the order entered in the Allegheny County Court of Common Pleas, which granted the "motion to strike cross claim" filed on behalf of Appellees NRT Pittsburgh, LLC d/b/a Coldwell Banker Real Estate Services ("Coldwell Banker") and Suzanne Lorenzi Sala. We affirm.

The relevant facts and procedural history of this case are as follows. In early 2013, Anthony Puccio and Josephine Puccio ("the Puccios") contracted with Coldwell Banker and Ms. Sala ("Coldwell Appellees") to provide professional real estate services in connection with the sale of the

Puccios' home ("the property"). Ms. Sala was a licensed real estate agent for Coldwell Banker. In April 2013, Appellant entered into a written agreement of sale with the Puccios to purchase the property. The Puccios' daughter, Angeline Puccio, signed and initialed the agreement on behalf of the Puccios. Closing was scheduled for May 31, 2013. The Puccios sought a one-week extension of the closing date to secure financing for their new home. Ms. Sala communicated the proposal to Appellant's realtor. Allegedly, Appellant agreed to the extension; but Ms. Sala informed the Puccios that Appellant had rejected it. On May 30, 2013, Ms. Sala sent Appellant's realtor a "notice of termination of agreement of sale" signed by the Puccios. The sale of the property was not consummated. The notice of termination indicated that the Puccios returned Appellant's $1,000.00 deposit.

On October 1, 2013, Appellant filed a complaint against the Puccios, Angeline Puccio, and Coldwell Appellees, which included four counts: fraud, negligent misrepresentation, intentional misrepresentation, and unfair trade practices. Appellant sought damages reflecting the alleged difference in closing costs, taxes, and other expenses associated with Appellant's purchase of a different home. Appellant filed an amended complaint on November 6, 2013, which added a breach of contract count against the Puccios. The Puccios and Coldwell Appellees subsequently filed preliminary objections. On December 10, 2013, the trial court sustained the preliminary

objections as to counts one through four of Appellant's amended complaint. Those counts were dismissed with respect to all Appellees. Appellant filed a motion for reconsideration on December 11, 2013, which the court denied on December 16, 2013. The only remaining count was Appellant's breach of contract claim against the Puccios, who filed an answer and new matter on January 6, 2014. Appellant and the Puccios proceeded to compulsory arbitration. The board of arbitrators entered an award in favor of the Puccios on February 18, 2014. During the arbitration proceeding, Appellant and the Puccios stipulated that Angeline Puccio, Coldwell Banker, and Ms. Sala had been dismissed as party defendants. Appellant appealed the arbitration award and demanded a jury trial. Appellant and the Puccios subsequently reached a pretrial settlement, as reflected in the trial court's settlement order of September 2, 2014. On September 11, 2014, the court entered a consent order modifying the original settlement order. The consent order stated the following:

> AND NOW, this 11th day of September, 2014, upon consent of the parties, the Order of Court dated September 2, 2014 is hereby amended as follows:
>
> 1. This case has been amicably settled between [Appellant] and Defendants Anthony Puccio, Josephine Puccio and Angeline J. Puccio only.[1]

---

[1] The consent order indicates Angeline Puccio was a party to the settlement negotiations. All claims against Angeline Puccio, however, were previously dismissed by the court's December 10, 2013 order.

2. Defendants Anthony Puccio, Josephine Puccio and Angeline J. Puccio retain the right to bring a cross-claim, either on their own or through an assignment of rights to [Appellant], against [Coldwell Banker] and Suzanne Lorenzi Sala.

3. This case is removed from the current trial list and any remaining party shall have the right to request a new trial date by filing a Praecipe to Place Case at Issue.

(Consent Order, filed 9/11/14; R.R. at 27b). Coldwell Appellees were not parties to the settlement negotiations or the consent order. No further action was taken in this case for the next seven months. On April 6, 2015, Appellant filed a purported "cross-claim" against Coldwell Appellees, in the same case and at the same docket number, pursuant to a purported assignment of rights from the Puccios. Coldwell Appellees filed a motion to strike the "cross-claim" on April 27, 2015. On June 1, 2015, the special motions court granted the motion to strike and directed the prothonotary to close the docket. Appellant filed a timely notice of appeal on June 9, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

WHETHER THE SPECIAL MOTIONS [COURT] COMMITTED AN ERROR OF LAW OR AN ABUSE OF DISCRETION WHEN [IT] RULED THAT [THE PUCCIOS] WERE BARRED FROM PURSUING A CROSS-CLAIM AGAINST [COLDWELL APPELLEES] WHEN THE MOTIONS [COURT] HAD PREVIOUSLY DISMISSED ONLY [APPELLANT'S] CLAIMS AGAINST [COLDWELL APPELLEES] VIA A PRELIMINARY OBJECTION AND WHERE THE REMAINING PARTIES ENTERED INTO [A] SETTLEMENT AGREEMENT, VIA A CONSENT ORDER OF THE TRIAL COURT, WHICH

> EXPRESSLY MAINTAINED [THE PUCCIOS'] RIGHT TO FILE A CROSS-CLAIM AGAINST [COLDWELL APPELLEES] AND ASSIGNED SUCH RIGHT TO [APPELLANT].

(Appellant's Brief at 4).

Appellant argues the special motions court engaged in "procedural formalism" when it struck Appellant's "cross-claim" based on how it was captioned. Appellant contends the court could have construed the filing as a third-party complaint or late joinder filed with the consent of Appellant and the Puccios. Appellant asserts Coldwell Appellees were not prejudiced by the timing of the filing, whereas the court's refusal to rule on its merits caused Appellant "manifest and palpable injury." Appellant submits he was denied a just and speedy resolution of all claims against all responsible parties in a single action. Appellant further claims the motions court violated the "law of the case" doctrine when it failed to give legal effect to the trial court's consent order, which stayed the proceedings and granted the Puccios permission to file a cross-claim against Coldwell Appellees. Appellant alternatively argues the consent order created a presumption of "just cause" for filing a late joinder, and the motions court could not disregard the consent order's legal effect on the ground of procedural noncompliance. Appellant avers Coldwell Appellees were served with the consent order and were still parties to the case *vis-à-vis* the Puccios (and Appellant through an assignment of rights from the Puccios). Appellant maintains the order sustaining Coldwell Appellees' preliminary objections dismissed Appellant's

claims in his individual capacity only, not any claims the Puccios had against Coldwell Appellees. Appellant concludes this Court should reverse the motions court's order and allow Appellant to proceed with the Puccios' assigned claims against Coldwell Appellees. In the alternative, Appellant concludes this Court should vacate the consent order and settlement agreement if this Court determines the terms of the consent order cannot be effectuated. We disagree.

The grant of a motion to strike a pleading is reviewed for an abuse of discretion. *Francisco v. Ford Motor Co.*, 580 A.2d 374 (Pa.Super. 1990), *appeal denied*, 527 Pa. 633, 592 A.2d 1301 (1991). "When a party moves to strike a pleading, the party who files the untimely pleading must demonstrate just cause for the delay. It is only after a showing of just cause has been made that the moving party needs to demonstrate that it has been prejudiced by the late pleading." *Peters Creek Sanitary Auth. v. Welch*, 545 Pa. 309, 314–15, 681 A.2d 167, 170 (1996).

The Rules of Civil Procedure govern cross-claims as follows:

**Rule 1031.1. Cross-Claim**

Any party may set forth in the answer or reply under the heading "Cross-claim" a cause of action against any other party to the action that the other party may be

(1) solely liable on the underlying cause of action or

*Note:* The term "underlying cause of action" refers to the cause of action set forth in the plaintiff's complaint or the defendant's counterclaim.

(2) liable to or with the cross-claimant on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action is based.

> *Note:* Subparagraph (2) permits a cross-claimant to raise a claim that another party is liable over to the cross-claimant or jointly and severally liable with the cross-claimant.

* * *

Pa.R.C.P. 1031.1.

> Under new Rule 1031.1, the assertion of a claim by one party against another party is a matter of pleading rather than joinder of parties. The claim is to be pleaded as a cross-claim under the new rule. The claims which may be asserted in a cross-claim are identical to those which serve as bases for joining an additional defendant[.]

*Id.* *Comment*. "[E]very pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading[.]" Pa.R.C.P. 1026(a). "After this time period expires, if a party wishes to amend its answers in order to assert a crossclaim it must either obtain the consent of the adverse party or obtain leave of court." *Edmonds v. MBB, Inc.*, 559 A.2d 590, 592 (Pa.Super. 1989), *appeal denied*, 525 Pa. 618, 577 A.2d 890 (1990).

Rule of Civil Procedure 2252 states in relevant part:

**Rule 2252.  Right to Join Additional Defendants**

(a) Except as provided by Rule 1706.1, any party may join as an additional defendant any person not a party to the action who may be

(1)  solely liable on the underlying cause of action against

- 7 -

the joining party, or

\*   \*   \*

(4) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

> *Note:* Paragraph (4) permits a joining party to join an additional defendant who may be liable over on the underlying cause of action against the joining party or jointly and severally liable with the joining party.

\*   \*   \*

(b)  The joining party may file as of course a praecipe for a writ or a complaint.

(1)  If the joinder is by writ, the joining party shall file a complaint within twenty days from the filing of the praecipe for the writ.  If the joining party fails to file the complaint within the required time, any other party may seek a rule to file the complaint and an eventual judgment of non pros in the manner provided by Rule 1037(a) for failure to file a complaint.

(2)  The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded.

\*   \*   \*

Pa.R.C.P. 2252.  Rule 2253 sets forth time restrictions on joinder as follows:

**Rule 2253.  Time for Filing Praecipe or Complaint**

(a) Except as provided by Rule 1041.1(e), neither a praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than

(1) sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof, or

(2) the time for filing the joining party's answer as established by Rule 1026, Rule 1028 or order of court,

whichever is later, unless such filing is allowed by order of the court or by the written consent of all parties approved by and filed with the court. The praecipe for a writ to join an additional defendant or the complaint joining the additional defendant shall be filed within twenty days after notice of the court order or the court approval of the written consent or within such other time as the court shall fix.

\* \* \*

Pa.R.C.P. 2253.

Ordinarily, when an additional defendant is joined in civil litigation, the party seeking joinder must comply with Rules of Civil Procedure 2251-2255, which require the filing of a praecipe for a writ or a complaint, **see** Pa.R.C.P. 2252(b), and specify that "[t]he procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant." Pa.R.C.P. 2255(a); **see also** Pa.R.C.P. 2231(d) (providing that "the joinder of parties in any action shall not affect the procedural rights which each party would have if suing or sued separately"). Thus, a party cannot be made an additional defendant in a case unless the appropriate form of original process is served upon such party. **See generally** Pa.R.C.P. 1007 (requiring the filing of a complaint or a praecipe for a writ of summons in order to commence an action); Pa.R.C.P. 2252(b) (mandating the filing of a complaint or a praecipe for a writ in order to join a non-party as an additional defendant). This gives the party sought to be joined notice of, *inter alia,* the fact of court proceedings potentially affecting his or her rights, the factual averments that underlie the claims for relief, the amount in controversy, and the relief requested.

***Mayer v. Garman***, 590 Pa. 268, 273–74, 912 A.2d 762, 765 (2006).

Further,

> When requesting the belated joinder of an additional defendant, a party must show (1) that joinder is based on proper grounds, (2) that some reasonable excuse exists for the delay in commencing joinder proceedings, and (3) that the original plaintiff will not be prejudiced by the late joinder. This Court has also considered the potential for prejudice to the proposed additional defendant. However, limitations on joinder are primarily intended to protect a plaintiff from being unduly delayed in prosecuting his action.

***Lawrence v. Meeker***, 717 A.2d 1046, 1048 (Pa.Super. 1998) (internal citations omitted). A petition for leave to join an additional defendant beyond the sixty-day period must allege some "reasonable justification" for the delay. ***Commercial Banking Corp. v. Culp***, 443 A.2d 1154, 1156 (Pa.Super. 1982). "[T]he burden is upon the **defendants** to justify their delay in joining the proposed additional defendant." ***Kovalesky v. Esther Williams Swimming Pools***, 497 A.2d 661 (Pa.Super. 1985) (emphasis in original) (affirming order denying defendants' motions to join third-party defendant, where defendants filed motions several months after they were served with complaint; defendants failed to show good cause for their failure to join third party within required sixty-day period).

Instantly, the special motions court reasoned as follows:

> [Coldwell Appellees] were not parties to [Appellant and the Puccios'] Consent Order. In fact, [Coldwell Appellees] had no involvement in the case following [the] court order dated December 10, 2013 dismissing [Appellant's] claims

- 10 -

against [Coldwell Appellees].

On April 6, 2015, [Appellant/Puccios] filed what they refer to as a "cross claim" seeking relief as to [Coldwell Appellees].[2]

On June 1, 2015, [this court] entered [an] order striking the cross claim that is the subject of this appeal.

[This court] struck what [Appellant/Puccios] describe as a cross claim for several reasons:

## I.

[The] court order sustaining the preliminary objections of [Coldwell Appellees] and dismissing each count of the Amended Complaint as to [Coldwell Appellees] became a final judgment once [the consent] order was entered dismissing [Appellant's] remaining claims.

## II.

Under the Rules of Civil Procedure, cross claims are raised in an answer or reply. **See** Pa.R.C.P. 1031.1 and [*Comment*]. A party who has filed an answer (the Puccios had filed an answer on January 6, 2014) may not later add a cross claim without obtaining court permission to file an amended answer and new matter pursuant to Pa.R.C.P. 1033. [Appellant/Puccios] never sought permission.[1]

[1] [This court is] using the Rules of Civil Procedure governing cross claims because [Appellant/Puccios] filed what they described as a cross claim. However, since [Coldwell Appellees] were not parties to this lawsuit on April 6, 2015, any joinder should be under Pa.R.C.P. [] 2251 *et seq.* which also require[s] a court order.

_____

[2] The court repeatedly refers to the Puccios as the party who filed the "cross-claim." Technically, Appellant submitted the filing through a purported assignment of rights from the Puccios.

III.

> At the time the "cross claim" was filed, [Coldwell Appellees] were [no longer] parties to this action. Consequently, they needed to be served. It appears that [Appellant/Puccios] made no effort to do so.

(Special Motions Court Opinion, filed September 22, 2015, at 2-3). The record supports the court's analysis. The court's December 10, 2013 order sustaining Coldwell Appellees' preliminary objections, and subsequent denial of Appellant's motion for reconsideration, resulted in dismissal of all of the claims against Coldwell Appellees. Coldwell Appellees were no longer a party to the action. Thus, the Puccios (and by extension, Appellant) could not file a cross-claim against Coldwell Appellees. Further, Appellant's purported "cross-claim" failed to comply with various applicable rules of procedure. The "cross-claim" was not set forth in the Puccios' answer as required by Rule 1031.1, and neither Appellant nor the Puccios sought to amend the Puccios' answer to assert a cross-claim at any stage of the proceedings. *See* Pa.R.C.P. 1031.1; *Edmonds, supra*. "Cross-claim" was an improper designation for Appellant's April 6, 2015 filing.

Further, when Appellant filed the "cross-claim," the settlement between Appellant and the Puccios had already resolved all remaining claims against all parties in the case, effectively ending the litigation by consent order on September 11, 2014. Therefore, to the extent Appellant argues the "cross-claim" was is essence a joinder, joinder would have been an improper means for Appellant to pursue any claims the Puccios might have had

- 12 -

against Coldwell Appellees. By that time, Appellant could have sought to enforce any rights the Puccios had against Coldwell Appellees only through a new, separate action. Moreover, any complaint or *praecipe* for a writ to join Coldwell Appellees as additional defendants would have had to comply with the procedures applicable to commencement of an action against an original defendant, including formal service of process. **See Mayer, supra**; **Cintas Corp. v. Lee's Cleaning Servs., Inc.**, 549 Pa. 84, 91, 700 A.2d 915, 917-18 (1997) (stating: "Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed"; "[I]mproper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him…"). Appellant concedes he did not adhere to the rules governing service of process when he filed the "cross-claim." Additionally, when construed as a joinder, Appellant's filing was submitted several months beyond the deadline for timely joinder; and Appellant failed to show some "reasonable excuse" for the delay. **See** Pa.R.C.P. 2253(a); **Lawrence, supra**.

Appellant misconstrues the significance of the consent order. The consent order did not constitute a legal determination by the trial court that Appellant or the Puccios could still bring a cross-claim against Coldwell Appellees. The consent order merely reflected the terms of a settlement agreement reached between Appellant and the Puccios. **See Senyshyn v.**

*Karlak*, 450 Pa. 535, 541, 299 A.2d 294, 297 (1973) (stating consent decree does not represent legal determination by court of matters in controversy but merely binding agreement between parties). Therefore, the motions court's grant of Coldwell Appellees' motion to strike the "cross-claim" did not implicate the "law of the case" doctrine because it did not overrule any prior legal determination of the trial court. The consent order indicated Appellant and the Puccios had amicably settled their dispute, which concluded the litigation in its entirety. Appellant and the Puccios had no power to invoke continuing jurisdiction over the matter so they could file a "cross-claim" against Coldwell Appellees at some indefinite point in the future. Thus, Appellant's "cross-claim" was a nullity, regardless of whether Appellant agreed to settle the matter partly due to an incorrect belief that he "retained" the right to file a cross-claim on behalf of the Puccios.[3] Based on the foregoing, the court properly granted the motion to strike Appellant's "cross-claim." Accordingly, we affirm.

Order affirmed.

_____

[3] Appellant's alternative request for relief, which asks this Court to vacate the consent order in its entirety, is inapt. The consent order is not the order under review. Moreover, Appellant asserts no grounds for invalidating the consent order other than a violation of his "settled expectations." Absent more, Appellant's personal expectations do not warrant revocation of the consent order and settlement agreement. *See Step Plan Servs., Inc. v. Koresko*, 12 A.3d 401, 409 (Pa.Super. 2010) (stating settlement will be set aside only upon clear showing of fraud, duress, or mutual mistake).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/25/2016