J-A03032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| GUIDO ACCIAVATTI AND ANN ACCIAVATTI, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| WHITE HORSE VILLAGE, INC. D/B/A WHITE HORSE VILLAGE, | : | |
| Appellant | : | |
| v. | : | |
| RICHARD ACCIAVATTI ACCIAVATTI DEVELOPMENT, INC. AND WILLIAM F. MORROW, JR., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF WILLIAM F. MORROW, SR., DECEASED | : | No. 1255 EDA 2022 |

Appeal from the Order Entered September 28, 2021
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2018-005246

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 5, 2023**

Appellant, White Horse Village, Inc., d/b/a White Horse Village, appeals from the order entered in the Delaware County Court of Common Pleas, which sustained the preliminary objections of William F. Morrow, Jr., individually and as Executor of the Estate of William F. Morrow, Sr., and dismissed Appellant's joinder of Mr. Morrow with prejudice.  We vacate and remand for further proceedings.

---

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history of this case are as follows. On July 5, 2018, Guido and Ann Acciavatti, ("the Acciavattis"), commenced this action against Appellant, alleging storm water trespass, private nuisance, and a violation of the Pennsylvania Storm Water Act. The Acciavattis' complaint concerns a stormwater pipe on their property that they allege Appellant is responsible for because the pipe transports stormwater drainage from Appellant's property. On August 10, 2020, the Acciavattis filed and served an amended complaint adding counts for ejectment and negligence. On October 9, 2020, sixty days later, Appellant filed a joinder complaint pursuant to Pa.R.C.P. 2253(a), joining as additional defendants Mr. Morrow, Richard Acciavatti and Acciavatti Development, Inc.

On December 11, 2020, Mr. Morrow filed preliminary objections to the joinder complaint, alleging that joinder was improper at this point in the litigation and that his rights and ability to defend himself had been limited. The court conducted a hearing on the preliminary objections on September 21, 2021. On September 28, 2021, the trial court sustained Mr. Morrow's preliminary objections.[1] In its order, the court explained that although the filing of the joinder complaint was timely, the court was sustaining the preliminary objections based on the undue prejudice to Mr. Morrow being added as a defendant at this point in the proceedings.

---

[1] Richard Acciavatti and Acciavatti Development, Inc., also objected to joinder. However, the trial court overruled their preliminary objections.

On October 25, 2021, Appellant filed a motion for reconsideration or for the court to certify its order as immediately appealable. The trial court denied this request on November 23, 2021.[2] On December 23, 2021, Appellant filed a petition for permission to appeal in this Court per Pa.R.A.P. 1311(b), which this Court granted on May 19, 2022. The trial court did not order Appellant to file a concise statement of errors complained of on appeal, and Appellant filed none.

Appellant raises the following four issues on appeal:

> 1. Did the trial court err by sustaining [Mr. Morrow's] Preliminary Objections, having expressly acknowledged that [Appellant's] Joinder Complaint was timely under Pa.R.C.P. 2253(a), yet determining that the joinder was "late" based upon irrelevant factors outside of Pa.R.C.P. 2253; as a Rule 2253(c) prejudice analysis only applies where joinder is untimely; by failing to identify how [Mr. Morrow] and the Estate were allegedly prejudiced; and, as the claimed prejudice was not "undue" prejudice or in any manner "unfair" or different than the detriment suffered by every additional defendant ever timely joined to civil litigation already in progress, or otherwise the type of "prejudice" contemplated by Pa.R.C.P. 2253?
>
> 2. Did the trial court err as, even if, arguendo, [Mr. Morrow] individually would somehow suffer "undue" or "unfair" prejudice different from that suffered by any other timely joined additional defendant, that prejudice has no bearing on the need to retain the Estate, of Morrow, Sr. as an additional defendant, and the erroneous dismissal of the Estate was at the expense of [Appellant's] right of contribution or indemnity and to assert the Estate's sole liability to [the Acciavattis]?

_____

[2] In its order denying the motion for reconsideration, the trial court modified its order of September 28, 2021, and added language striking and dismissing the joinder complaint.

3. Did the trial court err by basing its decision upon its irrelevant determination that [Mr. Morrow] would not bring further knowledge, information or documents to the litigation, as [Mr. Morrow] and the Estate were properly joined as additional defendants not for information [Mr. Morrow] might possess, but for their sole liability to [the Acciavattis], or alternatively, liability over to [Appellant] in indemnity or in contribution?

4. Did [Appellant] in any way "waive" its right to join [Mr. Morrow] and the Estate as additional defendants where the trial court found that [Appellant] should possibly have realized earlier that it had claims against them, as the trial court expressly acknowledged the Joinder Complaint was timely under Pa.R.C.P. 2253(a)?

(Appellant's Brief at 5).

In general, we review an order sustaining preliminary objections for an abuse of discretion or error of law. *Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.*, 9 A.3d 1207, 1211 (Pa.Super. 2010). Nevertheless, "because questions concerning interpretation of the Rules of Civil Procedure raise questions of law, we are not constrained by the determination of the trial court; our standard of review is *de novo*." *Grimm v. Universal Medical Services, Inc.*, 156 A.3d 1282, 1286 (Pa.Super. 2017).

In its first issue, Appellant argues that it timely joined the additional defendants including Mr. Morrow within sixty days of the Acciavattis' amended complaint. Appellant asserts that the court erred when it considered irrelevant factors outside of Rule 2253 to decide that the joinder was improper. Appellant claims that a prejudice analysis under Rule 2253(c) applies only

where a joinder is **untimely**. Because Appellant timely filed the joinder complaint within the sixty-day period following service of the amended complaint, Appellant contends the court erred in conducting a prejudice analysis. Appellant concludes the trial court erroneously sustained the preliminary objections of Mr. Morrow, individually and in his capacity as executor of the estate of Morrow, Sr., and this Court must grant relief. We agree.

Pennsylvania Rule of Civil Procedure 2253 governs joinder of additional defendants and provides that a writ of joinder shall be filed by the original defendant no later than sixty days after service upon that defendant of either the complaint or any amendment to the complaint. *See* Pa.R.C.P. 2253(a)(1) (stating "neither a *praecipe* for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than…sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof"). If a writ to join an additional defendant is belatedly filed after the sixty-day period, a party must show "(1) that joinder is based on proper grounds, (2) that some reasonable excuse exists for the delay in commencing joinder proceedings, and (3) that the original plaintiff will not be prejudiced by the late joinder." *Lawrence v. Meeker*, 717 A.2d 1046, 1048 (Pa.Super. 1998). The court may then consider the potential prejudice to the proposed additional defendant. *Id.*

Instantly, the Acciavattis served their amended complaint on August 10,

2020. On October 9, 2020, sixty days later, Appellant filed a timely joinder complaint against Mr. Morrow. Mr. Morrow subsequently filed preliminary objections alleging prejudice.

After a hearing, the trial court sustained the preliminary objections, finding that "while procedurally timely, as it was filed within sixty (60) days of the filing of [the Acciavattis'] First Amended Complaint, the filing of this Joinder as to [Mr. Morrow] is prejudicial to this proposed additional defendant." (Order, 9/28/21, at 1). The court further explained that "the undue prejudice to Mr. Morrow, Jr. far outweighs any potential benefit that exists in having him remain as an additional defendant in this case." (**Id.** at 2).

Nevertheless, as Rule 2253 makes clear, joinder of additional defendants is permitted within sixty days of the filing of a complaint or amended complaint regardless of prejudice to the joined defendant. **See** Pa.R.C.P. 2253(a)(1); **Lawrence, supra**. Here, Appellant timely joined Mr. Morrow as an additional defendant within sixty days of service of the amended complaint. Because the joinder was timely, the court should not have conducted any prejudice analysis. **See id.** Accordingly, we vacate the order sustaining the preliminary objections and striking and dismissing the joinder complaint against Mr. Morrow, and remand for further proceedings.[3]

---

[3] Because Appellant is entitled to relief on this issue, we need not consider its remaining claims.

Order vacated.  Case remanded.  Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2023